GLERK'S OFFICE U.S. DIST COURT
AT DANVILLE, VA
FILED

APR 10 2019

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JERMAINE D. REAVES, | ) | |
| | ) | |
| Plaintiff, | ) | CASE NO. 7:18CV00553 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| HAROLD W. CLARKE, ET AL., | ) | By: Hon. Jackson L. Kiser |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

Jermaine D. Reaves, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983, complaining that he has been housed in segregated confinement instead of being transferred to a prison in his home state of New York. After review of the record, I conclude that the defendants are entitled to summary judgment as a matter of law.

I.

Reaves is incarcerated at Wallens Ridge State Prison ("Wallens Ridge"), a high security facility in Pound, Virginia, operated by the Virginia Department of Corrections ("VDOC"). As defendants to this lawsuit, he names VDOC Director Harold W. Clarke, Director of Offender Management Services James E. Parks, and Wallens Ridge Unit Manager Dennis R. Collins. As relief, Reaves seeks an award of monetary damages and costs and injunctive relief directing that he must be transferred closer to his home in New York.

Reaves alleges that a series of past events, unrelated to the defendants in this case, have made him fearful for his safety if he is assigned to a general population unit at a VDOC prison. He has allegedly signed forms refusing a general population assignment and has requested a transfer under an Interstate Compact to a different state's prison, closer to his home in New York. Reaves believes that he clearly qualifies for such a transfer, but the defendants have wrongfully

maintained him in segregation for months instead. There, he has little human contact and cannot interact with his family, including his children. He has experienced various emotional difficulties, an ant infestation, and unspecified "lighting issues." (Am. Compl. 20, [ECF No. 4].) He is allowed only two telephone calls per month.

Reaves also states that while in segregation, his "JP5 Player (Electronic Device used for Emails to family etc.) was taken when it malfunctioned (Not Disciplinary)." (Id. at 10.) Officials refused to return the device or otherwise "resolve the situation" by fixing or replacing it. (Id. at 4, 17.)

Liberally construing the amended complaint, I find that Reaves has asserted the following claims under § 1983: (1) he has been held in segregated confinement for a lengthy period, in violation of due process; (2) the defendants have failed to transfer him outside Virginia, although he is not safe where he is confined; and (3) his JP5 device was confiscated and not repaired or replaced. The defendants have filed a motion for summary judgment [ECF No. 17], and Reaves has responded. Reaves has also filed a motion for preliminary injunctive relief [ECF No. 6], a motion for default [ECF No. 23], and a "Cross Motion for Summary Judgment" [ECF No. 25].

II.

As an initial matter, Reaves is not entitled to default judgment. On January 4, 2019, the clerk electronically notified the Office of the Attorney General of Reaves' amended complaint, pursuant to an agreement between that office and the court. The agreement provides that the defendants who are represented by an attorney from that office then have sixty days to respond to the complaint. An attorney in that office filed waivers of service for the defendants later in January and filed an answer and a summary judgment motion on their behalf on March 4, 2019, within the sixty-day period as directed. Accordingly, I will deny Reaves' motion for default judgment.

III.

An award of summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). For a party's evidence to raise a genuine issue of material fact sufficient to avoid summary judgment, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994).

"[B]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints." Potter v. Clark, 497 F.2d 1206, 1207 (7th Cir. 1974).[1]

At the most, Reaves' submissions contend that the defendants, as administrators and supervisory officials, are automatically liable for the past assaults, the failure to transfer him out-of-state, the months of segregated confinement its alleged effects on him, and the confiscation and failure to fix or replace his JP5 device. Reaves does not describe any particular action or omission by any of the three defendants that caused or failed to alleviate the alleged violations. He also does not demonstrate that any of the violations he alleges occurred pursuant to any policy for which these defendants is responsible. Because vicarious liability does not apply in § 1983 actions and

---

[1] I have omitted internal quotations, alterations, and citations here and throughout this opinion, unless otherwise noted.

3

Reaves presents nothing more than that contention, I conclude that the defendants are entitled to summary judgment as a matter of law.[2]

Moreover, Reaves' § 1983 claims do not rise to the level of constitutional violations by anyone. First, I find no constitutional right for Reaves to be transferred from the VDOC to a prison in another state nearer to his home. "Just as an inmate has no justifiable expectation that he will be incarcerated in any particular prison within a State, he has no justifiable expectation that he will be incarcerated in any particular State." Olim v. Wakinekona, 461 U.S. 238, 245 (1983). Second, while prison officials have a constitutional obligation to take reasonable measures to protect inmates against assaults from other inmates, Reaves fails to show that he is currently confined under conditions that present that particular hazard. Third, temporary confinement in segregation for administrative reasons, or because of Reaves' own refusal of a general population assignment, does not implicate his constitutional rights, even when conditions do not mirror those in the general population. See Sandin v. Conner, 515 U.S. 472, 486 (1995). Finally, Reaves has attempted to build a § 1983 complaint comprised of conclusory assertions that his constitutional or statutory rights have been violated, but he states no supporting facts. "[A] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." Iqbal, 556 U.S. at 678.

---

[2] Based on this same pleading deficiency, I cannot find that Reaves has shown a likelihood of success on the merits of his § 1983 claims, as required for the preliminary injunctive relief he seeks. See Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008) (holding that party seeking preliminary injunction must make clear showing "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest").

For the reasons stated, I conclude that the defendants are entitled to summary judgment as a matter of law.[3]  Accordingly, I will grant their motion and deny Reaves' motions for summary judgment, preliminary injunctive relief, and default judgment.  An appropriate order will issue this day.

**ENTERED** this 18th day of April, 2019.

_____
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] As an alternative basis for summary judgment, the defendants present evidence that Reaves failed to exhaust administrative remedies as to his first two claims before filing this lawsuit.  See 42 U.S.C. § 1997e(a) (requiring prisoner to exhaust available administrative remedies before filing federal court action about prison conditions).  Reaves has not disputed the defendants' evidence or stated facts demonstrating that administrative remedies were not available to him.  Therefore, I conclude that Reaves' failure to comply with § 1997e(a) provides an alternative ground for summary judgment in favor of the defendants as to two of his § 1983 claims.